**PORT LAUDANIA TERMINAL, INC.,**
**Plaintiff-Appellant,**

v.

**BARGE SUN COASTER, her tackle, etc.,**
**Defendant-Appellee.**

**No. 71-2419**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Jan. 19, 1972.

Stanley Haves, Miami, Fla., for plaintiff-appellant.

Stanley Arthur Beiley, Paul, Landy, Beiley & Bartel, Miami, Fla., for defendant-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

In July of 1970 the district court granted the motion of appellee Barge Sun Coaster for summary judgment, and entered an order dismissing with prejudice the libel claim of appellant Port Laudania Terminal, Inc. (Laudania) for dockage charges allegedly owed by the owners of the barge, Dyer Associates (Dyer).[1] An appeal from that order

---

* ■ Rule 18, 5th Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

1. The period in question was from March 10, 1970 to May 21, 1970.

was dismissed by this court in December of 1970, on the ground that there were other issues still to be decided.[2] In May of 1971, the district court entered a final judgment. in favor of the barge. The court noted that the dockage claim had been disposed of previously by way of summary judgment and that the remaining claim had been settled by the parties.

██ On this appeal Laudania, who was the lessee [3] of a shipyard and barge terminal, contends that there were issues of fact which precluded the entry of a summary judgment on the dockage claims. We have reviewed the sworn pleadings of the parties and the affidavits filed by Dyer. No affidavits were filed by Laudania. The record supports the district court's findings and the claim made here by the barge that there are no material facts in dispute. The uncontroverted affidavits of Dyer show that the vessel in question was not moored on property in which Laudania had any interest, either as owner or as lessee.[4] It was thus not entitled to collect any dockage fees from the owners of the barge.[5]

Affirmed.

2. This court's order dismissing the appeal did not state the grounds for dismissal. However, the order of the district court from which the appeal was taken indicates that even though summary judgment was granted as to the dockage issue, a triable issue of fact existed as to the issue of pumping charges. The latter issue was settled by the parties prior to the instant appeal.

3. Laudania's lessor was Layne Dredging Co. The lease provided that Laudania was to use the east side of the basin and Layne the west. The demised area is depicted on a survey made a part of the lease by reference.

4. In its original complaint Laudania merely asserted that the barge was docked at the Port Laudania Terminal, Inc. In its unsworn answer to Dyer's counterclaim Laudania specified that the barge was at all times moored approximately midway on the north end of the basin. One of the affidavits filed in support of Dyer's motion for summary judgment stated that the barge was moored in the middle of the basin between the east and west docks. In its brief on appeal Laudania for the first time claims that the barge was docked on the east side of the basin during June and July. In considering a motion for summary judgment based upon affidavits, we may look only to the affidavits and in certain instances verified pleadings. Fed.R.Civ.P. 56(e). See J. Moore, 6 Moore's Federal Practice ¶ 56.11[3] (2d ed. 1971). Applying that rule, we are left with the undisputed fact that the barge was moored at the north end of the basin, half-way between the east and west docks. The lease and accompanying survey reveal that Laudania had no interest in this area.

5. Dyer admittedly paid dockage to Layne for the period in question. Paragraph 24 of the Layne-Laudania lease prohibits Layne from leasing the unleased portion of the facility to another port operator. We make no comment on whether Laudania might have any rights under this paragraph against Layne.